IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>NGUYEN, et al.,<br><br>Defendants. | No. 2:21-CV-2407-DJC-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

1

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff notes she is a transgender woman who is an inmate. See ECF No. 1 at 1. Plaintiff names the following as defendants: (1) Dr. Nguyen, Plaintiff's primary care provider at the California Healthcare Facility; (2) Bird or Bert, who is employed at the California Healthcare Facility; and (3) The California Healthcare Facility institution. See id. at 1-2. Plaintiff states that she has five lawsuits pending. See id. at 2-3. Plaintiff also lists a sixth lawsuit, which Plaintiff does not provide a case number for, but instead provides a brief explanation of the facts. See id. This explanation seems to describe the same cause of action as the first claim in this suit but adds that the medical staff at Mule Creek State Prison ignored her complaints when she brought the issue of her alleged rape by Sam Hollison to their attention. See id. Plaintiff alleges four claims for relief, summarized below.

Claim 1

Plaintiff brings this claim using a standard form and the constitutional or other federal civil right that Plaintiff alleges was violated is "sexual assault by correctional officer." Id. at 3. Plaintiff identifies retaliation as the issue involved with this claim. See id. Plaintiff alleges the events relating to this claim occurred at the Mule Creek State Prison in cell number 101 of the C-12 unit in Administrative Segregation Housing on June 12, 2021. See id. Plaintiff states that at the time of the incident she was in her cell listening to the loaner radio with headphones on, lying on her stomach while naked because it was the middle of summer, and her cell was hot. See id. Plaintiff claims that Correctional Officer Sam Hollison entered Plaintiff's cell, jumped "on to my

backside [and] penetrated two fingers up into my anus [and] told me if I screamed yelled resisted [or] fought him he'd take his baton and beat my head/face into the bunk/wall." Id.  Plaintiff adds that Correctional Officer Sam Hollison said "[t]hat I'm a chomo child molester and a weirdo and that that's what I get since I'm a child-molester/transgender and weirdo ass freak." Id.

With respect to how Plaintiff was injured by these actions, Plaintiff alleges she experienced "[m]ajor trauma nightmares \ flashbacks suicide attempts \ depression \ stress anxiety \ loss of trust in all authority personnel." Id.  Plaintiff further states there were administrative remedies available to her, she did submit a request for administrative relief for this claim, and she appealed to the highest level.  See id.

Claim 2

Plaintiff identifies the issue in this claim as relating to medical care and alleges that the constitutional or other federal civil right that was violated is a "lack of medical care \ treatment." Id. at 6.  Plaintiff claims that "[s]ince March or April [of] 2020 I've filed several medical care CDCR 602 Appeals \ Grievances for lack of proper medical care. . . ." Id.  Plaintiff states that J. Thomas, against whom Plaintiff has previously filed a pending lawsuit, case number 2:21-cv-02001, "[h]as denied \ rejected \ sided with medical personnel \ won't properly look[] into each issue I've had and I've lost every medical healthcare CDCR 602 appeal\grievance I've filed since March\April 2020." Id.  With respect to how Plaintiff was injured by these actions, Plaintiff alleges she experienced "[d]epression \ anxiety \ loss of trust in medical care [within] California Department of Corrections and Rehabilitation." Id.  Plaintiff further states there were administrative remedies available to her, she did submit a request for administrative relief for this claim, and she appealed that request to the highest level.  See id.

Claim 3

Plaintiff states that the constitutional or other federal civil right she alleges was violated in this claim is "Assicory (sic) on sexual assault by correctional officer." Id. at 7.  This Court construes this to include a misspelling of the word accessory.  Plaintiff also identified the issue involved in this claim to be "Assocery (sic) to [a] rape crime by [a] correction officer." Plaintiff alleges that on June 16, 2021, Correctional Sergeant J. Bordewick approached Plaintiff's

3

cell and called Plaintiff a liar, which Plaintiff claims was in reference to her rape allegation against Sam Hollison. See id. Plaintiff adds that "J. Bordewick was not working the morning this happened to me." Id. With respect to how Plaintiff was injured by these actions, Plaintiff alleges she experienced the "loss of trust in authority personnel \ depression \ suicide attempts." Id. Plaintiff further states there were administrative remedies available to her, she did submit a request for administrative relief for this claim, and she appealed that request to the highest level. See id.

### Claim 4

Plaintiff has little to say regarding her fourth claim. Plaintiff only alleges that "[i]n September – October [of] 2022 Inmate Raymond Brabfurd began sexually harassing me and discriminating against me due to my transgender [status]." Id. at 8.

## II. DISCUSSION

While the facts alleged by Plaintiff appear to state a cognizable Eighth Amendment claim against Correctional Officer Hollison, this individual is not listed as a defendant to this action. As such, the Court cannot order service of the complaint on Hollison. Plaintiff's other claims are not currently cognizable, as explained below. Further, Plaintiff cannot proceed as against Defendant California Health Care Facility, which is a part of the California Department of Corrections and Rehabilitation, because it is immune under the Eleventh Amendment. Finally, Plaintiff has not included any factual allegations relating to named defendants Nguyen or Bird (or Bert). Plaintiff will be granted leave to amend.

### A. Hollison's Assault

While the incident gives rise to an Eighth Amendment claim, the facts as presented do not present a cognizable retaliation claim.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that the prisoner was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).

In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).

Plaintiff describes an attack but does not suggest the attack was in retaliation for exercising a constitutional right.  See id. at 3.  Nor has Plaintiff named Hollison as a defendant.  Plaintiff will be granted leave to amend to the extent he intends to present claims against Hollison.

## B. Lack of Medical Care

Miller's claim for lack of medical care lacks specificity about what medical treatment was sought and denied.  See ECF No. 1 at 6.

Claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

///

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,

90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff's complaint does not specify what medical care was denied, so this Court cannot engage in meaningful analysis of the claim. See ECF No. 1 at 6. Plaintiff will be granted leave to amend this claim.

### C. Bordewick's Statement

Bordewick's accusation that Miller lied is insufficient to give rise to a claim. Bordewick made a verbal statement that Miller lied about being sexually assaulted by a corrections officer. ECF No. 1 at 7. An isolated verbal statement is insufficient to give rise to a claim under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). And, as with Hollison, Plaintiff does not name Borderwick as a defendant. Plaintiff will be granted leave to amend to clarify the claim.

### D. Brabfurt's Harassment

Plaintiff offers a vague and conclusory statement that Brabfurt discriminated against her and harassed her based on her transgender status. ECF No. 1 at 8. The complaint does not offer sufficient detail for this Court to engage in meaningful analysis of the claim, and the complaint does not name Brabfurt as a defendant. Plaintiff will be given leave to amend.

### E. Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Here, Plaintiff names as a defendant the California Medical Facility. Plaintiff cannot proceed against the California Medical Facility because it is immune under the Eleventh Amendment.

/ / /

### F. Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff names Nguyen and Bird (or Bert) as defendants but does not include any factual allegations to link these individuals to a claimed constitutional violation. Plaintiff will be provided an opportunity to amend.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

/ / /

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 25, 2023



DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE